STEVEN B. SOLTMAN (Bar #108649)
**SOLTMAN, LEVITT, FLAHERTY WATTLES, LLP**
2535 Townsgate Road, Suite 307
Westlake Village, California 91361
Telephone: (805) 497-7706
Facsimile: (805) 497-1147

Attorneys for Defendant **Burns & Wilcox, LTD**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRITTENDEN RESEARCH, INC., 3990 Old Town Avenue, Suite 300, San Diego, CA 92110<br><br>Plaintiff,<br><br>vs.<br><br>BURNS & WILCOX, LTD. 30833 Northwestern Highway, Farmington Hills, MI 48334<br><br>Defendant. | CASE NO: 3:09-cv-00378-IEG-NLS<br><br>**DEFENDANT BURNS & WILCOX, LTD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Burns & Wilcox, LTD ("Burns") submits the following Answer and Affirmative Defenses to Plaintiff's Complaint.

## ANSWER TO COMPLAINT

### INTRODUCTION

1. In response to Paragraph 1 of the Complaint, BURNS lacks sufficient information or belief to enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each and every

1  allegation contained therein.

2      2. In response to Paragraph 2 of the Complaint, BURNS denies, both generally and specifically, each and every allegation contained therein.

    3. In response to Paragraph 3 of the Complaint, BURNS lacks sufficient information or belief to enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each and every allegation contained therein.

    4. In response to Paragraph 4 of the Complaint, BURNS lacks sufficient information or belief to enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each and every allegation contained therein.

    5. In response to Paragraph 5 of the Complaint, BURNS lacks sufficient information or belief to enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each and every allegation contained therein.

## PARTIES

    6. In response to Paragraph 6 of the Complaint, BURNS lacks sufficient information or belief to enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each and every allegation contained therein.

    7. In response to Paragraph 7 of the Complaint, BURNS admits that it is a corporation authorized to do business in the state of California. BURNS lacks sufficient information or belief to enable it to admit or deny the remaining allegations contained in this paragraph and, on that basis, BURNS denies each and every remaining allegation contained therein.

## FACTUAL BACKGROUND

    8. In response to Paragraph 8 of the Complaint, BURNS lacks sufficient information or belief to enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each and every allegation contained therein.

    9. In response to Paragraph 9 of the Complaint, BURNS lacks sufficient information or belief to enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each and every allegation contained therein.

    10. In response to Paragraph 10 of the Complaint, BURNS lacks sufficient information or belief to

1  enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each
2  and every allegation contained therein.

3      11. In response to Paragraph 11 of the Complaint, BURNS lacks sufficient information or belief to
4  enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each
5  and every allegation contained therein.

6      12. In response to Paragraph 12 of the Complaint, BURNS lacks sufficient information or belief to
7  enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each
8  and every allegation contained therein.

9      13. In response to Paragraph 13 of the Complaint, BURNS lacks sufficient information or belief to
10 enable it to admit or deny the allegations contained in this paragraph and, on that basis, BURNS denies each
11 and every allegation contained therein.

12     14. In response to Paragraph 14 of the Complaint, BURNS denies, both generally and specifically,
13 each and every allegation contained therein.

## COUNT ONE:
## COPYRIGHT INFRINGEMENT

16     15. In response to Paragraph 15 of the Complaint, BURNS answers the allegations of Paragraph 15
17 of the Complaint by incorporating BURNS' responses to Paragraphs 1 through 14, inclusive, of the Complaint.

18     16. In response to Paragraph 16 of the Complaint, BURNS denies, both generally and specifically,
19 each and every allegation contained therein.

20     17. In response to Paragraph 17 of the Complaint, BURNS denies, both generally and specifically,
21 each and every allegation contained therein.

## COUNT TWO:
## BREACH OF CONTRACT

25     18. In response to Paragraph 18 of the Complaint, BURNS answers the allegations of Paragraph 18
26 of the Complaint by incorporating BURNS' responses to Paragraphs 1 through 17, inclusive, of the Complaint.

27     19. In response to Paragraph 19 of the Complaint, BURNS denies, both generally and specifically,
28 each and every allegation contained therein.

H:\B11-042\Answer.wpd

20. In response to Paragraph 20 of the Complaint, BURNS denies, both generally and specifically, each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, BURNS denies, both generally and specifically, each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint, and every purported cause of action contained therein, fails to state a claim upon which relief may be granted as against BURNS.

### SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2. The Complaint, and every purported cause of action contained therein, is barred under the equitable doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3. BURNS alleges that, as a result of Plaintiffs' actions, which will be more specifically proven at trial, Plaintiff has waived any right to relief, if any, under the Complaint, and each cause of action which forms the basis of the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. BURNS alleges that, as a result Plaintiff's actions, which will be more specifically proven at trial, Plaintiff is estopped from asserting any relief to which it might be entitled, if any, under the Complaint, and each cause of action that forms the basis of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. By reason of laches on the part of Plaintiff, it is prevented from asserting the claims for relief alleged in the Complaint against BURNS.

## SIXTH AFFIRMATIVE DEFENSE

### (Negligence of Other Persons)

6. At all times material hereto, the damages allegedly suffered by Plaintiff, if any, were caused, if at all, by the negligence or fault of persons/entities other than BURNS, and Plaintiff's recovery, if any, against BURNS is thereby barred or, alternatively, BURNS is entitled to indemnification and apportionment of fault against all other such persons/entities.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7. The Complaint and each cause of action asserted therein are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Negligence)

8. At all times material hereto, Plaintiff was itself negligent, and such negligence was the sole cause of the losses or damages complained of herein. Plaintiff is therefore barred from any recovery or, alternatively, the amount of damages recovered by Plaintiff, if any, must be reduced by the percentage that the Plaintiff's negligence contributed to its own losses or damages.

## NINTH AFFIRMATIVE DEFENSE

### (Intervening/Superceding Cause)

9. BURNS is informed and believes, and based upon such information and belief alleges, that the negligence or fault, if any, of BURNS was not a substantial factor in bringing about Plaintiff's damages and, therefore, was not a contributing cause thereof, but was superseded by the negligence and fault of others, whose negligence and fault was an independent, intervening and superceding cause of any damage suffered by Plaintiff herein and, therefore, Plaintiff has no right of recovery against BURNS.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10. BURNS is informed and believes, and based upon such information and belief alleges, that Plaintiff has failed to mitigate its own damages.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Send Cease and Desist Letter)**

11.  Plaintiff contributed to its own damages, if any, and is barred from recovery by failing to send a cease and desist letter and otherwise providing notice to BURNS of the alleged infringement and/or violations.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Implied License)**

12.  Plaintiff's claim is barred because Plaintiff has granted an implied license to the work at issue.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

13.  Plaintiff's claims are barred for lack of subject matter jurisdiction to the extent that Plaintiff lacks valid registrations of copyrights alleged in the complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Damages Uncertain)**

14.  BURNS is informed and believes, and thereupon alleges that the damages claimed by Plaintiff are uncertain and thereby preclude calculation and recovery thereof.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

15.  BURNS is informed and believes, and thereon alleges that Plaintiff, at all times, gave its consent, express or implied, to the acts, omissions and conduct alleged of BURNS in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

16.  BURNS is informed and believes, and thereon alleges that any conduct on the part of BURNS was made or done in good faith.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Forfeiture/Abandonment)**

17.  Plaintiff's claims are barred to the extent it has forfeited or abandoned copyrights.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Irreparable harm)**

18. BURNS is informed and believes, and thereon alleges that Plaintiff has not suffered, and will not suffer any harm at all, let alone irreparable harm, by virtue of the conduct alleged against BURNS.

## NINETEENTH AFFIRMATIVE DEFENSE

**(No Entitlement to Restitution)**

19. BURNS is informed and believes, and thereon alleges that Plaintiff is not entitled to restitution from BURNS under any legal theory because Plaintiff has not given up something to BURNS which it was otherwise entitled to keep.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Mistake of Fact/Law)**

20. Plaintiff's causes of action are barred by mistake of fact and/or law.

## TWENTY FIRST AFFIRMATIVE DEFENSE

**(Fair Use)**

21. Plaintiff's claims are barred by the defense of fair use.

## TWENTY SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims for statutory damages are not recoverable in copyright cases and are barred by the U.S. Constitution.

## TWENTY THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's work lacks sufficient originality and quality to be copyrighted.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred because Plaintiff engaged in copyright misuse.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

25. BURNS is informed and believes and on that basis alleges that, if any contracts, obligations or agreements, as alleged in the Complaint or otherwise, have been entered into between this BURNS and Plaintiff, any duty or obligation of performance by BURNS is excused by reason of the failure of consideration, waiver, breach of condition precedent, breach of condition subsequent, breach of contract by Plaintiff, impossibility of performance, prevention by Plaintiffs, frustration of purpose, and or acceptance

by Plaintiff.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

### (Right to Add Additional Affirmative Defenses)

26. BURNS is informed and believes, and thereon alleges that because the Complaint is couched in conclusory terms, BURNS presently has insufficient knowledge or information on which to form at belief as to whether it may have additional, as yet unstated affirmative defenses available and cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defense are inapplicable, is hereby reserved.

WHEREFORE, Defendant BURNS prays for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint on file herein;
2. That BURNS be dismissed from this action;
3. That BURNS be awarded its costs of suit incurred herein, including reasonable attorneys' fees;
4. That no injunctions be issued to Plaintiff;
5. That no equitable or statutory damages or remedies be awarded to Plaintiff; and
6. That BURNS be awarded such further relief as the Court may deem just and proper.

Dated: May 1, 2009                    SOLTMAN, LEVITT, FLAHERTY & WATTLES, LLP

By: _____
STEVEN B. SOLTMAN
Attorney for DEFENDANT
**BURNS & WILCOX, LTD.**

H:\B11-042\Answer.wpd

STATE OF CALIFORNIA, COUNTY OF VENTURA:

I am employed in the County of Ventura, State of California. I am over the age of 18 and am not a party to the within action; my business address is 2535 Townsgate Road, Suite 307, Westlake Village, CA 91361.

On May 19, 2009, I served the following document(s) described as: **DEFENDANT BURNS & WILCOX, LTD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** on all interested parties to this action, as follows:

\*\*PLEASE SEE ATTACHED SERVICE LIST

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with Soltman, Levitt, Flaherty & Wattles, LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Westlake Village, California, in the ordinary course of business.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to SEE LIST BELOW for delivery to the above address(es).

☐ **BY FAX:** I caused the above-referenced document to be transmitted via facsimile from Fax No. (805) 497-1147 to Fax No. _____ directed to _____. The facsimile machine I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(1), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

☒ [State]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 19, 2009, at Westlake Village, California.

_Maria A. Palace_
Maria A. Palace

B11-042 - Proof of Service

SERVICE LIST
US DISTRICT COURT - SOUTHERN DISTRICT
Case No. 3:09-cv-00378-IEG-NLS

James E. Grossberg, Esq.
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1041 Skyline Drive
Laguna Beach, CA 92651
Phone: (949) 715-3136
Fax:   (949) 715-3138
**Attorneys for Plaintiff**

Seth D. Berlin, Esq.
Thomas Curley, Esq.
LEVINE SULLIVAN KOCH & SCHULZ, LLP
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C.  20036
Phone: (202) 508-1100
Fax:   (202) 861-9888
**Of Counsel for Plaintiff**